IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW MARBURGER** | ) | |
| Plaintiff, | ) | Civil Action No. 1:22-CV-281 |
| | ) | |
| v. | ) | Re: Motion to Strike |
| | ) | ECF No. 6 |
| **RICK A. CARNEGIE,** | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Presently before this Court is Defendant's motion to strike portions of the complaint. ECF No. 6.

This negligence action was filed by Plaintiff Matthew Marburger against Defendant Rick Carnegie. This action arises out of a one-vehicle accident in which Mr. Carnegie was driving and Mr. Marburger was injured. Mr. Marburger alleges that Mr. Carnegie acted negligently by driving under the influence of alcohol and was incapable of safely operating a motor vehicle. It is also alleged that Mr. Carnegie fled the scene of the accident because he did not want to be arrested for driving under the influence for a fourth time. Plaintiff seeks compensatory as well as punitive damages.

Mr. Carnegie seeks to strike portions of the complaint that relate to his alleged alcohol consumption. He argues that such allegations constitute scandalous matter and should be stricken.

Federal Rule of Civil Procedure 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[r]elief under Rule 12(f) is generally disfavored and will be denied

1

unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Simmons v. Simpson House, Inc.,* 224 F.Supp.3d. 406, 421 (E.D. Pa. 2016) (quotation and citation omitted). *See also Kokinda v. Pennsylvania Department of Corrections*, 2017 WL 11461507, at *1 (W.D. Pa. 2017) ("In deciding the present motion, the Court must also bear in mind that generally, motions to strike under Rule 12(f) are highly disfavored.").

Here, the allegations to which Mr. Carnegie objects are, at the least, relevant to Mr. Marburger's pursuit of punitive damages in this matter. Accordingly, the motion will be denied.

AND NOW, this 13th day of January 2023,

IT IS HEREBY ORDERED that the motion to strike [ECF No. 6] is denied. Defendant Mr. Carnegie must make a response filing to the complaint within ten days of the date of this Order.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge